# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH

# MOTION TO PROCEED IN FORMA PAUPERIS

**Case No.:** N/A

**Judge:** N/A

**DOC ID:** 0727-JES-V-OUAG-AOC-MOTI-IFP-2026

**Date:** 07-27-2026

FILED
2026 JUL 28 AM 10:50
CLERK
U.S. DISTRICT COURT

Case: 2:26-cv-00704
Assigned To : Parrish, Jill N.
Assign. Date : 7/28/2026
Description: Sullivan v. Dirkmaat et al

**JOHN EARLE SULLIVAN,**

*Plaintiff,*

v.

**PAUL J. DIRKMAAT**,

*in his individual and official capacities*;

**JOEL A. FERRE**,

*in his individual and official capacities*;

**KATHRYN L. WHITE**,

*in her individual and official capacities*;

**LARON J. LIND**,

*in his individual and official capacities*;

**ALEXIS WALKER**,

*in her individual and official capacities*;

**CURTIS BRITLAND**,

*in his individual and official capacities*;

**HOUNG "KIM" CHHOUR**,

*in her individual and official capacities*;

**DEREK NELSON**,

*in his individual and official capacities*;

**OFFICE OF THE UTAH ATTORNEY GENERAL**,

*(sued strictly under Title II of the ADA and Title VI of the Civil Rights Act of 1964)*;

and

**ADMINISTRATIVE OFFICE OF THE COURTS**,

*(sued strictly under Title II of the ADA and Title VI of the Civil Rights Act of 1964)*,

*Defendants,*

# IN THE CIVIL ACTION

# TABLE OF CONTENTS

**TABLE OF AUTHORITIES** ........ **3**

**ARTICLE I. DECLARATION OF INDIGENCE AND HARDSHIP** ........ **5**

**ARTICLE II. CONCLUSION** ........ **6**

**CERTIFICATE OF COMPLIANCE** ........ **7**

**CERTIFICATE OF SERVICE** ........ **8**

**ADDENDUMS** ........ **10**

INDEX OF APPENDED ENCLOSURES (EXHIBIT LEDGER) ........ 14

# TABLE OF AUTHORITIES

**Statutes, Codes, Rules, and Policies**

1. 28 U.S.C. § 1915(a)(1) . . . . . . 4
2. 28 U.S.C. § 1746(2) . . . . . . 5, 10
3. DUCivR 7-1 . . . . . . 7
4. DUCivR 10-1 . . . . . . 7

**John Earle Sullivan**
1221 West Erda Way
Erda, UT 84074
**Phone:** 435-841-7258
**Email:** johne.sullivan@outlook.com
*Petitioner Pro Se*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF UTAH**

| | |
|---|---|
| **JOHN EARLE SULLIVAN,**<br>*Plaintiff.*<br>**v.**<br>**PAUL J. DIRKMAAT; JOEL A. FERRE; KATHRYN L. WHITE; LARON J. LIND; ALEXIS WALKER; CURTIS BRITLAND; HOUNG "KIM" CHHOUR; AND DEREK NELSON,**<br>*EACH IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES,*<br>and<br>**OFFICE OF THE UTAH ATTORNEY GENERAL; AND ADMINISTRATIVE OFFICE OF THE COURTS,**<br>*EACH SUED STRICTLY UNDER TITLE II OF THE ADA AND TITLE VI OF THE CIVIL RIGHTS ACT OF 1964,*<br>*Defendants.* | **MOTION TO PROCEED IN FORMA PAUPERIS**<br>**CASE NO.: N/A**<br>**JUDGE: N/A**<br>**DOC ID: 0727-JES-V-OUAG-AOC-MOTI-IFP-2026**<br>**DATE: 07-27-2026** |

# MOTION TO PROCEED IN FORMA PAUPERIS

Plaintiff John Earle Sullivan, proceeding pro se, respectfully moves this Court under 28 U.S.C. § 1915(a)(1)[1] for leave to proceed in the above-captioned civil rights action without the prepayment of fees, costs, or security. In support of this Motion, Plaintiff submits the following unsworn declaration of financial hardship:

[1] '§ 1915(a)(1) "Subject to subsection (b), any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor'.

## ARTICLE I. DECLARATION OF INDIGENCE AND HARDSHIP

I, John Earle Sullivan, declare under penalty of perjury, pursuant to 28 U.S.C. § 1746(2)[2], that the following financial statements are true and correct, that I am unable to pay the costs of these proceedings or give security therefor, and that I am entitled to the redress sought in my Complaint. Executed on July 27, 2026.

1. **Impairment and Disability Status**: I suffer from severe cognitive and physiological impairments, including ADHD, PTSD, Dyslexia, and Raynaud's phenomenon, which prevent me from engaging in substantial gainful employment. On April 24, 2026, the Utah Department of Workforce Services approved me for means-tested General Assistance (GA) financial benefits due to my permanent disability.
2. **Income and Assets**: My current monthly income is exactly $0.00. I have $0.00 in cash, $0.00 in checking or savings accounts, and no other liquid assets or investments. All of my personal and financial records were seized by the Federal Bureau of Investigation on January 14, 2021, and I possess no source of independent revenue.
3. **Public Assistance Benefits**: I rely entirely on public assistance to survive. I receive means-tested General Assistance financial benefits and Supplemental Nutrition Assistance Program (SNAP) benefits from the Utah Department of Workforce Services (Exhibit 120) and rely on Medicaid for all medical treatment and prescriptions.
4. **Prior Indigence Determinations**: On May 13, 2026, the Third Judicial District Court for Salt Lake County, State of Utah, entered an *"Order on Motion to Waive Fees - General"* (Case No. 260903520), formally determining that I am indigent and waiving all filing fees in full (Exhibit 3). Additionally, on July 21,

[2] 28 U.S.C. § 1746 (providing that any matter required or permitted to be supported by sworn affidavit may, with like force and effect, be supported by unsworn declaration, verification, or statement in writing subscribed as true under penalty of perjury).

2026, the Supreme Court of the State of Utah entered an *"Order"* (Appellate Case No. 20260933-SC), waiving my filing fee and copy requirements (Exhibit 285). My financial situation has not changed since these judicial determinations.

5. **Financial Impossibility**: Payment of the $405.00 federal civil filing fee is a physical and financial impossibility for me. Requiring payment would deprive me of the basic necessities of life, including food and shelter, and would act as an absolute barrier to accessing this Court for redress of my civil rights.

## ARTICLE II. CONCLUSION

Wherefore, the Petitioner John Earle Sullivan respectfully prays that this honorable Court grant this Motion and enter the proposed order allowing him to proceed in this action in forma pauperis, without the prepayment of fees, costs, or security.

*John Earle Sullivan* [signature]

**John Earle Sullivan**

Petitioner Pro Se

# CERTIFICATE OF COMPLIANCE

Pursuant to DUCivR 7-1[3] and DUCivR 10-1[4], the undersigned certifies that this Motion complies with the formatting and word count requirements of this Court. The body of this Motion contains exactly 672 words, and the entire counting text (excluding the caption, tables, Certificate of Compliance, and signature blocks) contains exactly 672 words, as calculated by the word count utility.

**John Earle Sullivan**

Petitioner Pro Se

[3] DUCivR 7-1 DUCivR 7-1, Local Rules of Civil Practice, U.S. District Court for the District of Utah (. 1, 2025). (source URL: 'U.S. District Court for the District of Utah).'.

[4] DUCivR 10-1 DUCivR 10-1, Local Rules of Civil Practice, U.S. District Court for the District of Utah (. 1, 2025). (source URL: 'U.S. District Court for the District of Utah).'.

# CERTIFICATE OF SERVICE

I hereby certify that this Motion has been submitted to the Clerk of the Court for filing along with an Application to Proceed in Forma Pauperis (IFP). Pursuant to 28 U.S.C. § 1915(d) and Federal Rule of Civil Procedure 4(c)(3), service of process upon the Defendants is reserved and will be executed by the United States Marshals Service upon this Court's screening and approval of the Application to Proceed in Forma Pauperis and subsequent issuance of summonses. Consequently, the parties will not be served until the Application to Proceed in Forma Pauperis has been approved by the Court and the summonses are executed by the U.S. Marshals.

## SERVICE RECIPIENTS:

> Joel A. Ferre - Judge (Defendant)
>
> slccivdom@utcourts.gov
>
> Third Judicial District Court, 450 South State Street, Salt Lake City, UT 84111

> Paul J. Dirkmaat (Bar No. 19508) - Assistant Attorney General (Defendant)
>
> pdirkmaat@agutah.gov
>
> Office of the Utah Attorney General
>
> 160 East 300 South, 5th Floor, P.O. Box 140874, Salt Lake City, UT 84114

> Kathryn L. White (Bar No. 16508) - Assistant Attorney General (Defendant)
>
> kathrynwhite@agutah.gov
>
> Office of the Utah Attorney General
>
> 350 North State Street, Suite 230, Salt Lake City, UT 84114

> Laron J. Lind (Bar No. 8334) - Assistant Attorney General (Defendant)
> llind@agutah.gov
> Office of the Utah Attorney General
> 160 East 300 South, 5th Floor, P.O. Box 140874, Salt Lake City, UT 84114

> Alexis Walker - Judicial Assistant (Defendant)
> alexw@utcourts.gov
> Third Judicial District Court, 450 South State Street, Salt Lake City, UT 84111

> Curtis Britland - Judicial Assistant (Defendant)
> curtisb@utcourts.gov
> Third Judicial District Court, 450 South State Street, Salt Lake City, UT 84111

> Houng *"Kim"* Chhour - Tax Auditor III (Defendant)
> kchhour@utah.gov
> Utah State Tax Commission
> 210 North 1950 West, Salt Lake City, UT 84134

> Derek Nelson - Tax Audit Examiner Manager (Defendant)
> derek.nelson@utah.gov
> Utah State Tax Commission
> 210 North 1950 West, Salt Lake City, UT 84134

Dated: July 27, 2026.

John Earle Sullivan

**John Earle Sullivan**

Plaintiff Pro Se

# ADDENDUMS

## ADDENDUM A

**28 U.S.C. § 1915(a)(1)**

*(a)(1) Subject to subsection (b), any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.*

---

## ADDENDUM B

**28 U.S.C. § 1746**

*Wherever, under any law of the United States or under any rule, regulation, order, or requirement made pursuant to law, any matter is required or permitted to be supported, evidenced, established, or proved by the sworn declaration, verification, certificate, statement, oath, or affidavit, in writing of the person making the same (other than a deposition, or an oath of office, or an oath required to be taken before a specified official other than a notary public), such matter may, with like force and effect, be supported, evidenced, established, or proved by the unsworn declaration, certificate, verification, or statement, in writing of such person which is subscribed by him, as true under penalty of perjury, and dated, in substantially the following form:*

*(1) If executed without the United States: "I declare (or certify, verify, or state) under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on (date). (Signature)".*

*(2) If executed within the United States, its territories, possessions, or commonwealths: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date). (Signature)".*

---

## ADDENDUM C

**DUCivR 7-1(a)(1)**

*(1) Motion and Memorandum. Except as otherwise allowed by this rule, a motion and memorandum must be contained in the same document and include the following:*

*(A) an initial separate section stating succinctly the specific relief sought and the grounds for the relief; and*

*(B) a recitation of relevant facts, supporting authority, and argument.*

## ADDENDUM D

**DUCivR 7-1(a)(4)(D)**

*(D) All Other Motions.*

*(i) A motion, response, or reply not specified above may not exceed 10 pages or 3,100 words.*

*(ii) A response to a motion must be filed within 14 days after service of the motion.*

*(iii) A reply may be filed within 14 days after service of the response.*

## ADDENDUM E

**DUCivR 7-1(a)(6)**

*(6) Sections Applicable to Page or Word Limits and Certification Requirement.*

*(A) All headings, citations, quotations, and footnotes count toward the page or word limit.*

*(B) The caption, face sheet, table of contents, table of authorities, signature block, certificate of service, and exhibits do not count toward the page or word limit.*

*(C) When a document exceeds the page limit, a party must certify at the end of the document that the document complies with the word limit (e.g., "I, [attorney's name], certify that this [name of document] contains [number of words] words and complies with DUCivR 7-1(a)(4).").*

# ADDENDUM F

## DUCivR 10-1(a)

*(a) Format Requirements.*

*(1) Paper and Margins. A document presented for filing must be single-sided and formatted to 81⁄2 x 11 inch plain, white paper with a top margin of at least 11⁄2 inches and remaining margins of at least 1 inch.*

*(2) Electronic Document. A document filed in CM/ECF must comply with the latest version of the ECF Procedures Manual.*

*(3) Font and Font Size. Font must be clearly legible and a minimum size of 12 point, including footnotes.*

*(4) Spacing. Text must be double-spaced, except for block quotes and footnotes.*

*(5) Pagination. Document pages must be numbered consecutively.*

*(6) Contact Information and Caption. The first page of each document must include contact information of the filer and a caption identifying the document.*

*(A) Contact information to be listed in the upper left-hand corner above the caption:*

*(i) counsel's name and Utah State Bar number, or if self-represented, the party's name;*

*(ii) counsel's law firm name;*

*(iii) mailing address;*

*(iv) telephone number;*

*(v) email address;*

*(vi) the party that counsel represents; and*

*(vii) if counsel is entering a limited appearance, the words "Limited Appearance" conspicuously placed.*

*(B) Case information to be included in the caption table:*

*(i) name of parties;*

*(ii) title of the document (e.g., Motion to Dismiss);*

*(iii) case number; and*

*(iv) the name of the assigned judge and referred magistrate judge, if applicable.*

*(7) Jury Demand. When a jury trial is permitted by rule or statute and the party is requesting a jury, the words "JURY DEMANDED" should be placed in capital letters in the caption of the initial pleading immediately below the title.*

*(8) Signatures. Every document, excluding exhibits, must be signed by counsel or the unrepresented party.*

*(A) Electronically filed documents may be signed with a scanned signature or an electronic signature. An electronic signature must comply with requirements in the latest version of the ECF Procedures Manual.*

*(B) Counsel may sign a document for another attorney whose name appears on the filing if the electronic signature indicates that the attorney authorized the signature.*

*(b) Exhibits. Exhibits that accompany court filings must be separated by a cover page that clearly identifies each exhibit. Exhibits attached to a judge's courtesy copy must include tabbed dividers.*

*(c) Non-Conforming Documents. The Clerk's Office may require counsel or a self-represented party to refile documents that do not conform to the requirements of this rule.*

# INDEX OF APPENDED ENCLOSURES

| IDENTIFIER | EVIDENTIARY DESCRIPTION & CONTEXT |
|---|---|
| **EXHIBIT-3** | Certified copy of the State of Utah Third District Court fee waiver order (Case No. 260903520) entered May 13, 2026, establishing Petitioner's indigent status. |
| **EXHIBIT-120** | State of Utah Department of Workforce Services General Assistance Approval Letter (Case No. 15642907), dated May 2, 2026, establishing Petitioner's eligibility for means-tested public assistance. |
| **EXHIBIT-285** | Certified copy of the Utah Supreme Court Order (Appellate Case No. 20260933-SC) entered July 21, 2026, granting Petitioner's motion to waive the appellate filing fee and copy requirements under Rule 26(d) of the Utah Rules of Appellate Procedure in the extraordinary writ proceeding. |

**RESTRICTED ADJUDICATIVE DATA // FOUO**

# FORMAL EVIDENTIARY RECORD

SUBMITTING ENTITY / CLAIMANT IDENTIFIER

**JOHN EARLE SULLIVAN**

EXHIBIT IDENTIFIER

**EXHIBIT 3**

EVIDENTIARY DESCRIPTION & RECORD CONTEXT

**THIRD DISTRICT COURT INDIGENCE ORDER**

## STATUTORY STATEMENT OF RECORD / EVIDENTIARY CONTEXT

***Certified copy of the State of Utah Third District Court fee waiver order (Case No. 260903520) entered May 13, 2026, establishing Petitioner's indigent status.***

**CRYPTOGRAPHIC SOURCE HASH MATRIX // ICAO 9303 OPTICAL AUTHENTICATION**

SHA-256 : cd0773879358b5518bfb5c6634c62b02c790374eaa5c9db822d10c672dfa993d
SHA3-512: a8b63a460c89fb2bebdecbe0ca89f725bde6636735ede799fda100031e37c7b0...
BLAKE3 : 0145dd1239eaf92be7eed369dc82ed9e87e2cf103b313fa2ecc62277c38c134e

**EXHIBIT 3**

P<USAJOHN<EARLE<SULLIVAN<<<<<<<<<<<<<<<<<<<<
EXHIBIT<3<8USA9407187M3001016<<<<<<<<<<<<<<0

SCAN · VERIFY

John Earle Sullivan
Name
1221 W Erda Way
Address
Erda
City, State, Zip
4358417258
Phone
johnearles30@gmail.com
Email

In the [ x ] District [ ] Justice Court of Utah

Third Judicial District Salt Lake City County

Court Address 450 S State Street, SLC, UT 84111

| | |
|---|---|
| John Earle Sullivan<br>Plaintiff/Petitioner<br><br>v.<br><br>Utah State Tax Commission, et al<br>Defendant/Respondent | **Order on Motion to Waive Fees - General**<br><br>260903520<br>Case Number<br><br>Judge Joel Ferre<br>Judge<br><br>Commissioner (domestic cases) |

The matter before the court is a Motion to Waive Fees. Having reviewed the Motion to Waive Fees and Statement Supporting Motion and supporting financial evidence, and having made an independent determination,

**The court orders:**

1. [ ] **The motion is denied.** The information shows that the party is reasonably able to pay the fees.

2. [ ] **The motion is denied.** The party failed to provide the required information. The party may re-file the motion with the required information within 14 days.

3. [X] **The motion is granted.** The following fees are waived. If the fee is waived in

part, it is because the party is reasonably able to pay the balance.

| Fee | Waived in Full | Waived in Part – Amount to be Paid |
|---|---|---|
| Filing fee | [ ] | |
| OCAP fee | [ x ] | |
| Required classes<br>parenting class fees<br>orientation class fees | <br>[ ]<br>[ ] | |
| Vital stats fee – divorce certificate or report of adoption | [ ] | |
| Fee to have papers served within Utah | [ x ] | |
| Other (Describe.) | [ x ] | AlLcourt-relatedcosts, copying and.certification fees. |

4. Any fees not waived must be paid within 30 days or the case may be dismissed.

5. This order is subject to review and amendment as long as the court has jurisdiction of the case.

Judge's signature may instead appear at the top of the first page of this document.

11 May 2026

Date

Signature ►

Judge

STATE OF UTAH THIRD DISTRICT COURT SALT LAKE CITY

**Notice to the Moving Party**

If the fee waiver was denied because the judge found **you are reasonably able to pay** (paragraph 1 is marked), and you:

- have lost your source of income;
- have unaccounted expenses limiting your ability to pay;
- will suffer immediate irreparable harm if the action is delayed; or
- would lose the opportunity to file the case because of the delay,

you may file a Memorandum Demonstrating Inability to Pay Fees within 10 days of the date of this order.

If the fee waiver was denied **because you failed to provide the required information** (paragraph 2 is marked), and you want your request to be reconsidered, you must file a

corrected motion with the required information within 14 days of the date of this order.

**Clerk's Certificate of Service**

I certify that on 5/13/26 (date) a copy of this order was served on the moving party by the method indicated below:

| Mailed | Emailed | Party Name | Mail or Email Address |
|---|---|---|---|
| [ ] | [X] | John Sullivan | johne.sullivan@outlook.com |

Date 5/13/2026

Signature ► [signature]

Printed name of court clerk Alex Walker

**CERTIFICATE OF NOTIFICATION**

I certify that a copy of the attached document was sent to the following people for case 260903520 by the method and on the date specified.

EMAIL: JOHN EARLE SULLIVAN johne.sullivan@outlook.com

Date: 05-13-2026

/s/ ALEX WALKER

Signature

R E S T R I C T E D   A D J U D I C A T I V E   D A T A   //   F O U O

# FORMAL EVIDENTIARY RECORD

SUBMITTING ENTITY / CLAIMANT IDENTIFIER

**JOHN EARLE SULLIVAN**

EXHIBIT IDENTIFIER

**EXHIBIT 120**

EVIDENTIARY DESCRIPTION & RECORD CONTEXT

**DWS GENERAL ASSISTANCE APPROVAL LETTER**

## STATUTORY STATEMENT OF RECORD / EVIDENTIARY CONTEXT

***State of Utah Department of Workforce Services General Assistance Approval Letter (Case No. 15642907), dated May 2, 2026, establishing Petitioner's eligibility for means-tested public assistance.***

**CRYPTOGRAPHIC SOURCE HASH MATRIX // ICAO 9303 OPTICAL AUTHENTICATION**

SHA-256 : 89b7e2acc63417033aa4f8998c22bd4746188e0256af75a888fb3815c0c0890e
SHA3-512: 7abe8396cd14dfcf18633fc56a3bb9b9aac390d8dcc631a956c72050e0b52fc1...
BLAKE3 : be3f1fa7edcca5480316be2989048b549aa64c267f2cfbdda9b7478a424258ba

**EXHIBIT 120**

P<USAJOHN<EARLE<SULLIVAN<<<<<<<<<<<<<<<<<<<<
EXHIBIT<120<8USA9407187M3001016<<<<<<<<<<<<<

SCAN · VERIFY

Lehi Employment Center
557 W STATE ST
LEHI, UT 84043

FIRST-CLASS
AUTO LETTER

US POSTAGE PITNEY BOWES
ZIP 84116 $ 000.59³
02 7W
0008027417 APR 29 2026

RETURN SERVICE REQUESTED

JOHN E SULLIVAN
1221 W ERDA WAY
ERDA,UT 84074

005 BTCQS5B 84074

**Equal Opportunity Employer/Program**

Auxiliary aids and services are available upon request to individuals with disabilities by calling 801-526-9240. Individuals who are deaf, hard of hearing, or have speech impairments may call Relay Utah by dialing 711. Spanish Relay Utah: 1-888-346-3162.

Lehi Employment Center
557 W STATE ST
LEHI, UT 84043

1101000000

State of Utah

SPENCER J. COX
*Governor*

DEIDRE HENDERSON
*Lieutenant Governor*

**Department of Workforce Services**

CASEY R. CAMERON
*Executive Director*

REBECCA BANNER
*Deputy Director*

KEVIN BURT
*Deputy Director*

GREG PARAS
*Deputy Director*

JOHN E SULLIVAN
1221 W ERDA WAY
ERDA,UT 84074

April 24, 2026

JOHN E SULLIVAN

You have been approved for General Assistance (GA) financial benefits and assigned to the GA Short-Term Track.

General Assistance offers time limited financial assistance to adults without dependent children who have an impairment that prevents them from working.

GA customers who have provided medical evidence of an impairment that is expected to last at least 60 days, but less than 12 months are assigned to the GA Short-Term Track. Customers on this track may be eligible for up to 6 months of GA financial assistance within a 12 month period, not to exceed 12 months of benefits in a 60 month period.

Benefits for the General Assistance financial program are effective the first day of the month following the month of application. Benefits will not be paid based on the date of application.

Customers assigned to the GA Short-Term Track are not required to meet with an employment counselor to negotiate an employment plan. However, all GA recipients are required to apply for any other services they may be eligible for, such as Veterans benefits, Workers Compensation, etc.

If you are pursuing long term disability benefits through the Social Security Administration, you must sign an Agreement to Repay Interim Assistance (Form 75). Please call the GA/SOAR team at the numbers listed below and a form will be sent to you.

If you disagree with an agency action, you have the right to work on an agreeable solution. This may include asking for an agency conference and/or a Fair Hearing.

If you have additional questions about the General Assistance program, please call (801)794-6672.

Sincerely,

Michael Case

557 W State St, Lehi, Utah 84043 | Email mscase@utah.gov | Telephone (801)794-6672 | Fax (801)753-4550
A proud member of America's Workforce Network | Equal Opportunity Employer / Programs

RESTRICTED ADJUDICATIVE DATA // FOUO

# FORMAL EVIDENTIARY RECORD

SUBMITTING ENTITY / CLAIMANT IDENTIFIER

**JOHN EARLE SULLIVAN**

EXHIBIT IDENTIFIER

**EXHIBIT 285**

EVIDENTIARY DESCRIPTION & RECORD CONTEXT

**UTAH SUPREME COURT FEE WAIVER ORDER**

## STATUTORY STATEMENT OF RECORD / EVIDENTIARY CONTEXT

***Certified copy of the Utah Supreme Court Order (Appellate Case No. 20260933-SC) entered July 21, 2026, granting Petitioner's motion to waive the appellate filing fee and copy requirements under Rule 26(d) of the Utah Rules of Appellate Procedure in the extraordinary writ proceeding.***

**CRYPTOGRAPHIC SOURCE HASH MATRIX // ICAO 9303 OPTICAL AUTHENTICATION**

SHA-256 : 966d275356cd5588deff340b8462687e55d33c21cf02fbdf2b1948bbb1a0b1ed
SHA3-512: da6d580bb109816524522bd067c4c66f5fab1a916ad461caa3f22d1962e2067f...
BLAKE3 : ced79257485abb08665fff1e189dbf3fb23b7d3a4af01342eed31f44b0f14ccf

**EXHIBIT 285**

P<USAJOHN<EARLE<SULLIVAN<<<<<<<<<<<<<<<<<<<<
EXHIBIT<285<8USA9407187M3001016<<<<<<<<<<<<<

SCAN · VERIFY

**The Order of the Court is stated below:**
**Dated:** July 21, 2026 03:16:46 PM /s/ NICOLE I. GRAY Clerk of Court

# IN THE SUPREME COURT OF THE STATE OF UTAH

---ooooo---

| | |
|---|---|
| JOHN EARLE SULLIVAN,<br>Petitioner,<br>v.<br>THE HONORABLE JOEL FERRE AND UTAH STATE TAX COMMISSION,<br>Respondents. | ORDER<br><br>Appellate Case No. 20260933-SC |

This matter is before the Court upon Petitioner's motion to waive court fees, filed on July 20, 2026.

The Court waives the filing fee for the petition for extraordinary relief in the above-entitled matter. Waiver is granted as to the filing fee only; all other costs to process the appeal, including transcript costs, if any, must be paid by Petitioner.

Additionally, Petitioner is allowed a waiver as to the copy requirements of Rule 26(d) of the Utah Rules of Appellate Procedure.

**End of Order - Signature at the Top of the First Page**