IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| JOHN EARLE SULLIVAN,<br>Plaintiff,<br>v.<br>PAUL J. DIRKMAAT, et al.,<br>Defendants. | MEMORANDUM DECISION AND ORDER DENYING MOTION TO DISQUALIFY AND RECUSE U.S. MAGISTRATE JUDGE PAUL KOHLER PURSUANT TO 28 U.S.C. § 455<br><br>Case No. 2:26-cv-00704-JNP-PK<br><br>District Judge Jill N. Parrish<br>Magistrate Judge Paul Kohler |

This matter is before the Court on Plaintiff's Motion to Disqualify and Recuse U.S. Magistrate Judge Paul Kohler Pursuant to 28 U.S.C. § 455.[1] For the reasons discussed below, the Court denies the Motion.

## I. BACKGROUND

This case arises from Plaintiff's allegations of bad acts and conspiracy against, among others, Utah's Third District Judge Joel Ferre.[2] The case was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B),[3] and as Plaintiff had requested to proceed in forma pauperis,[4] the undersigned also screened the case pursuant to 28 U.S.C. § 1915 and DUCivR 3-2.[5] As part of the

[1] Docket No. 22, filed August 31, 2026.

[2] Docket No. 1 ¶¶ 1, 6(b).

[3] Docket No. 17. That order established that Magistrate Judge Kohler would "handle case up to and including R&R on all dispositive matters."

[4] Docket No. 4.

[5] Docket No. 21.

screening process, the undersigned issued a Report and Recommendation ("R&R") to District Judge Parrish recommending that Plaintiff's action be dismissed largely on the grounds that Plaintiff's claims are unsupported and contradicted by evidence and, relevant here, because Judge Ferre is entitled to judicial immunity.[6]

Plaintiff has since filed the instant motion, asserting that because the undersigned and Judge Ferre were at the United States Attorney's Office ("USAO") for an overlap of just over one year's time and because the undersigned engaged in concurrent private law practice while also sitting as a part-time federal magistrate judge, recusal is mandated.[7] Plaintiff further claims that the unfavorable "sua sponte" R&R "confirms the impartiality deficit."[8] In support of his claims, Plaintiff relies on 28 U.S.C.§ 455(a) and the Code of Conduct for United States Judges.[9] As discussed below, the Court is not persuaded.

## II. DISCUSSION

### A. 28 U.S.C. §455(a) RECUSAL

Under 28 U.S.C. § 455(a), a judge is required "to disqualify himself if his impartiality might be reasonably questioned or if he has a personal bias or prejudice concerning a party."[10] The

---

[6] *Id.*

[7] Docket No. 21 at 10–13.

[8] *Id.* at 14.

[9] *Id.* at 1, 13. Notably, Plaintiff references two different sections of the Code, Canons 3C(1) and 4D(4), respectively. Canon 3C(1) states: "A judge shall disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned," and 4D(4) deals with inapplicable prohibitions on judicial acceptance of gifts. Code of Conduct for United States Judges, Canons 3C(1) & 4D(4) (2019), *available at* https://www.uscourts.gov/administration-policies/judiciary-policies/ethics-policies/code-conduct-united-states-judges#e, https://perma.cc/6CVH-AX7J.

[10] *Bryce v. Episcopal Church in the Diocese of Colo.*, 289 F.3d 648, 659 (10th Cir. 2002) (internal quotation marks omitted).

test under § 455(a) is "whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality."[11] "In other words, the standard is an objective one,"[12] and the inquiry is "extremely fact driven."[13]

Notwithstanding, "a judge has as strong a duty to sit when there is no legitimate reason to recuse as he does to recuse when the law and facts require."[14] The Tenth Circuit has "long held that section 455(a) must not be so broadly construed that it becomes, in effect, presumptive, so that recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice,"[15] nor should the statute be interpreted "to give litigants a veto power over sitting judges, or a vehicle for obtaining a judge of their choice."[16]

Here, Plaintiff's speculation that the undersigned is not impartial falls short of demonstrating that recusal is warranted under § 455(a). Plaintiff has identified no prior or existing relationship between the undersigned and Judge Ferre beyond his assertion that they were both employed at the USAO concurrently and shared professional obligations under United States Attorney John Huber, and his assumptions that they shared resources, "collaborated on civil enforcement strategies," and attended divisional meetings.[17] But Plaintiff identifies no factual basis in evidence supporting the same, namely that they worked together directly, interacted

[11] *Id.* (internal quotation marks and citation omitted).

[12] *United States. v. Young*, Nos. 2:12–CR–502–TC, 2:12–CR–645–TC, 2013 WL 360408, at *5 (D. Utah Jan. 30, 2013).

[13] *Bryce*, 289 F. 3d at 659 (internal quotation marks and citation omitted).

[14] *Nichols v. Alley*, 71 F.3d 347, 351 (10th Cir. 1995).

[15] *Switzer v. Berry*, 198 F.3d 1255, 1258 (10th Cir. 2000) (internal quotation marks and citations omitted).

[16] *Id* (internal quotation marks and citation omitted).

[17] Docket No. 22, at 8, 11.

professionally, maintained a personal relationship, or otherwise knew one another. Furthermore, and perhaps most importantly, the undersigned does not recall ever meeting Judge Ferre, let alone establishing a relationship leading to any doubt he would not be impartial towards Plaintiff. This unfamiliarity is no doubt due, at least in part, to the fact that the undersigned worked primarily in southern Utah and Judge Ferre presumably worked in northern Utah.

All said, an objective and reasonable person, knowing all the facts, would not be able to conclude that this Court would fail to be impartial to Plaintiff and in handling the case. In other words, the premise underlying Plaintiff's asserted doubt of impartiality is unsupported. For the undersigned to recuse himself based on this theory alone would stretch beyond the limits of §455(a) and go against his duty to sit when there is no legitimate reason to question his impartiality. On this theory, Plaintiff fails.

B. JUDICIAL CODE OF CONDUCT

The Court next turns to Plaintiff's allegations as to the undersigned's employment while sitting as a part-time judge and asserted failure to disclose the nature of the undersigned's private practice. Plaintiff claims that the undersigned's concurrent practice while a sitting judge "compromises the appearance of neutrality."[18] At the outset, a sitting part-time judge "is permitted by law to devote time to some other profession or occupation" and "is not required to comply with Canon[] . . . 4A(5),"[19] which section advises against a full-time judge from participating in the practice of law for compensation.

---

[18] *Id.* at 12.

[19] "(A) Part-time Judge," *Compliance with the Code of Conduct,* Code of Conduct for United States Judges (2019), https://www.uscourts.gov/administration-policies/judiciary-policies/ethics-policies/code-conduct-united-states-judges#e, https://perma.cc/6CVH-AX7J.

To the extent Plaintiff seeks to draw inferences of partiality from an inapplicable prohibition, Plaintiff is unpersuasive. Furthermore, and contrary to Plaintiff's position,[20] the fact that the undersigned may have engaged in private practice during the time he was a part-time magistrate judge has no bearing or relevance on Plaintiff's immediate cause of action. The undersigned was not bound to disclose his employment information, namely because the undersigned's practice is in no way related to Plaintiff's underlying claims or to any of the named parties. Nor does the fact of the undersigned's employment in the early years of sitting as a part-time magistrate judge lead a reasonable person to doubt the ability of this Court to remain impartial as to this case. Again, Plaintiff fails here.

C. UNFAVORABLE R&R

Finally, Plaintiff asserts that the undersigned incorrectly and *sua sponte* issued the R&R recommending dismissal of Plaintiff's claims with prejudice, thus exposing the undersigned's partiality.[21] To the extent that this portion of Plaintiff's Motion could be viewed as an objection to the R&R issued by the undersigned, the undersigned will only address the assertion that side-stepping "standard procedures" establishes doubt as to the undersigned's impartiality.

First, under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss a cause of action filed in forma pauperis ("IFP") at any time the court determines the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or if the litigant seeks monetary relief from a defendant who is immune from such a claim. Although § 1915(e)(2)(B) screening is not required before granting IFP status or ordering service on the defendant, the Tenth Circuit has encouraged

---

[20] Docket No. 22, at 11.

[21] *Id.* at 14.

district courts to screen IFP cases as soon as practical,[22] and has acknowledged that "prompt screening may be a good thing and conserve[s] the resources of defendants forced to respond to baseless lawsuits."[23] Because a Court must dismiss a case "at any time" it determines that the case has frailties, the Court is statutorily sanctioned and permitted to address a case *sua sponte*.

Second, as to the unfavorable nature of the R&R, the Supreme Court has held that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion."[24] "Unfavorable judicial rulings do not in themselves call into question the impartiality of a judge."[25] Such rulings can "only in the rarest circumstances evidence the degree of favoritism or antagonism required."[26]

Here, Plaintiff's argument is a non-starter. The undersigned screened the case as part of determining whether Plaintiff could proceed IFP, which is his regular practice and in line with the Tenth Circuit's encouragement and within the parameters of federal statute. That the R&R was unfavorable and outside of Plaintiff's amorphous expectation of a time frame bears no weight in Plaintiff's argument against this undersigned's impartiality. In short, there is "no authority for the proposition that the time and manner of the judge's ruling creates a reasonable doubt about impartiality, absent any other indicia of bias or partiality."[27]

## III. CONCLUSION

[22] *See Buchheit v. Green*, 705 F.3d 1157, 1160 (10th Cir. 2012) ("Though screening might be a good practice and more efficient, we find that nothing in this language *requires* an assigned magistrate judge to screen a case for merit or to make a recommendation for dismissal to the district court before granting IFP status.").

[23] *Id.*

[24] *Liteky v. United States*, 510 U.S. 540, 555 (1994).

[25] *United States v. Mendoza*, 468 F.3d 1256, 1262 (10th Cir. 2006).

[26] *Liteky*, 510 U.S. at 555.

[27] *Est. of Bishop v. Equinox Int'l Corp.*, 256 F.3d 1050, 1058 (10th Cir. 2001) (internal quotations marks omitted).

For the foregoing reasons, it is therefore

ORDERED that Plaintiff's Motion to Disqualify (Docket No. 22) is DENIED.

DATED this 2nd day of September, 2026.

BY THE COURT:

PAUL KOHLER
United States Magistrate Judge